The Honorable Judges, the United States Court of Appeals, 10th, 4th, and 7th Judicial Circuits. Deary, deary, deary, all persons are good to support this Honorable Court. I remind you to draw near and give their attention to the court that is now sitting. God save the United States and this Honorable Court. Good morning, everyone. We're here today for oral arguments. We're going to begin with Appeal 24-2000, United States v. Deaunta Tyler. And Mr. Spengler, we'll begin with you. May I proceed? Yes. Thank you, Your Honors, and may it please the Court. My name is John Spengler. Today I'll be arguing on behalf of the appellant, Deaunta Tyler, as supervised by Professor Bob Palmer of the Notre Dame Law School. Your Honors, as stated in the appellant's reply brief, the only issue still before the Court today is that of procedural error, and so only de novo review applies. The District Court committed two distinct species of procedural error at Mr. Tyler's resentencing hearing, each independently requiring a remand. First, the District Court failed to respond to Mr. Tyler's principal arguments in mitigation as required by this Court's decision in United States v. Miranda. Second, even if Mr. Tyler had offered no principal arguments in mitigation, the District Court independently failed to explain its choice of sentence as required by 18 U.S.C. 3553C1, given both the anomalous result with respect to Mr. Tyler's co-defendant, Dalvin Jackson, and with respect to the guidelines themselves. Mr. Spengler, I thought a good deal in Mr. Tyler's position seemed to be that he ought to get a lower sentence than Jackson, right? That's correct, Your Honor. And he did in the end, correct? In the end, Your Honor, yes. That would typically be analyzed under substantive error. Here, the District Court's... And you've withdrawn that argument. That's correct, Your Honor. So what's the problem? Well, at the District Court's resentencing hearing, the explanation offered both with respect to the mandatory statutory factors and particularly as applied to Mr. Tyler's co-defendant, Dalvin Jackson, was insufficient. That's the case for a couple reasons. There was two specific principal arguments in mitigation raised by Mr. Tyler. That was that he deserved a lower sentence due to the need to avoid unwarranted sentencing disparities under A6. That argument was made specifically with respect to Dalvin Jackson. And then there was also a second principal argument in mitigation made with respect to the seven-level enhancement imposed on him as a result of the discharge of a weapon during the commission of the robbery. That seven-level enhancement was imposed despite the fact that Mr. Tyler did not discharge the weapon. Right. That fact, however, had been discussed at some length in the original sentencing hearing, and none of it had changed for the second sentencing hearing, right? That's correct, Your Honor. So how much does the district judge... Frankly, I read the judge's explanation. This is a very thoughtful, thorough, individualized sentencing explanation. That's correct, Your Honor. If the standard for finding a procedural error was the length of the discussion offered by the district court, then there wouldn't be an issue here. However, Miranda is very clear that the district court has to conduct a renewed individualized analysis with respect to the principal arguments actually raised by Mr. Tyler at his sentencing hearing. Again, there was an A... Go ahead. There was an A-6 and an A-1 argument made. Here, the district court addressed the A-6 argument at a couple particular places. The second, that's the appendix at pages 29 to 30, there the district court addressed the prior reasoning that it offered at Mr. Tyler's first sentencing hearing. The government here argues that under the United States Supreme Court's decision in the United States v. Chavez Mesa, that any explanation offered at a prior sentencing hearing can justify its procedural burden at Mr. Tyler's current sentencing hearing. However, Chavez Mesa, on its own terms, applies to a sentence modification after a change in the applicable sentencing guidelines. Here, the district court was relatively clear in the Grants Bits 2255 motion that it was conducting a plenary resentencing hearing with respect to Mr. Tyler, and so unless the district court made clear or otherwise stated that it was incorporating the reasoning from its prior sentencing hearing, it was required under this court's precedent in Miranda to conduct a renewed individualized analysis with respect to Mr. Tyler's principal arguments in mitigation. One of our general principles about sentencing is that the judge need not belabor the obvious. You find that throughout our opinions, and I guess I'm trying to understand what was not obvious about the judge's rationale here. Your Honor, importantly... You would agree that Mr. Tyler could have been sentenced to 330 months again, right? Your Honor, we're not pressing the substantive reasonability of this sentence here, and so we're not making a claim as to what the proper range of sentence would be anymore. The discussion today is purely limited to the rationale offered by the district court. And there was no change in the defendant's conduct, right? Other than that, they could be considered post-conviction, correct. And that was a mixed bag for him. According to the district court, that's correct, yes. Right. Disagree with that? No, we don't. Okay, so... And I understood Mr. Tyler's comments in the transcript indicate, in essence, since my 924C 10-year mandatory minimum got knocked out, I'm entitled to a 10-year shorter sentence, which I think we all agree is legally incorrect. That's correct, Your Honor. Yes, we're not pursuing that appeal. So I guess I'm still struggling. What more did the district judge need to do here? Again, Your Honor, had this been a case like Chavez-Mesa, where it was a simple sentence modification following a change in the guidelines, they could have relied on a prior explanation. But as the district court made clear, this is footnote 2 in its opinion related to the grant of Mr. Tyler's 2255 motion, it was conducting a plenary resentencing hearing... Does that mean she needs to repeat everything? No, Your Honor. However, the district court never said that it was incorporating or adopting the reasoning that it raised at its first sentencing hearing. It was relatively... That's pretty close, but... At pages 29 and 30 of the appendix, Your Honor, the district court made clear that when it offered its reasoning under A6, it was doing so only to correct Mr. Tyler's misunderstanding with respect to his first sentencing hearing. The district court said that part of what you remember of what occurred at your first sentencing hearing is correct. Some of it is different. And so all that was was a correction of Mr. Tyler's... I thought she started early on along the lines that Judge Hamilton is suggesting by referring to everything that has not changed. And then what really stood out in the transcript to me is at no point in time did the district court lose track of the fact that Dalvin Jackson was a co-defendant. It wasn't like she forgot that. She doesn't know who Dalvin Jackson is. You know, there's nothing like that. And she references in the resentencing proceeding that, yes, Mr. Tyler is less culpable, or slightly less culpable, because he's not the one that fired the shot inside the house. But he did engage in very, very concerning behavior, both inside the house and in fleeing from the police department. And so I don't see how she... When you talk about this in terms of avoiding an unwanted disparity, especially with Mr. Jackson, I don't think the district court ever lost track of that. Not necessarily, Your Honor. However, it is important that the district court never did actually mention Dalvin Jackson specifically, despite the fact that the sentence rendered against Dalvin... Oh, she talked about Tyler not firing the shot. Who else would she have had in mind? Correct, Your Honor. That was Dalvin Jackson. However, whenever the district court did specifically address the merits of an A6 claim, it did so only with respect to Liddell Tyler. And here the other argument pressed under the mandatory statutory factors was under 3553A1. And there the district court... The only time the district court mentioned the gun head-on directly, as I read it, is page 28 of the appendix. There the district court mentioned that the gun was being passed around, which is why Mr. Tyler was still on the hook for it. However, the best reading of that is that it simply refers to the reason that Mr. Tyler is still on the hook for the 922G1 conviction, as opposed to the 7-level enhancement due to the discharge of the firearm. That's because the discharge of the firearm was required for the imposition of the enhancement. And again, even if that does refer to the 7-level enhancement imposed on Mr. Tyler, that would just be describing the factual circumstances necessary to impose the enhancement, as opposed to a justification for treating Mr. Tyler the same with respect to the guidelines as they did at the first sentencing hearing. Would you like to reserve the remainder of your time? Yes, Your Honor. Thank you. Very good. Thank you, Mr. Spengler. Mr. Keenstra, we'll now move to you for argument on behalf of the government. May it please the Court. Good morning, Your Honors. Jeff Keenstra on behalf of the United States. The defendant waives his procedural objection in the District Court, and he's withdrawn his substantive objection on appeal. And in any event, as Your Honors have recognized, the District Court more than adequately explained its sentence, addressed the defendant's arguments in mitigation, and applied the 3553A factors to the individualized circumstances of this case. Now, at the outset, the defendant waived his objection as to the arguments in mitigation by expressly telling the District Court at the hearing that the Court had, in fact, addressed all those arguments. The District Court asked a pointed question about that. Counsel responded in the affirmative. Yes, Your Honor, the Court has addressed the arguments. Counsel clearly understood that as an opportunity to seek clarification, because he did, as to the prior guidelines ruling. The Court said, I'm happy to provide that clarification. She did, and then she asked if the explanation was sufficient. The defense counsel confirmed that it was, and so that's a waiver. So the defense argues, Mr. Keenstra, that in essence we shouldn't enforce the Garcia-Segura waiver here, because in essence the discussion continued, particularly between the defendant himself and Judge Darrow. Sure. Your thoughts? So I think that fails for two reasons. The first is that the District Courts didn't accept further substantive argument from the representative party at that point in the hearing. The Court corrected the defendant when he said that he had received an above-guideline sentence. He said no is within the guidelines. Beyond that, the Court redirected the defendant back to her question, which she said was a yes or no question. Do you understand that you have 14 days to appeal the sentence? When the defendant continued arguing after that point, the judge referred her question to defense counsel and said, are these matters that have already been raised? Counsel said yes, and that was consistent with her approach throughout the hearing, which was to not accept substantive argument from the representative party. And then my second point would be that the matters the defendant was raising at that point have nothing to do with arguments he's raising on appeal. He was arguing about the sentencing enhancements, which he's not raising on appeal, and so that wouldn't avoid waiver as to the arguments in mitigation. What I'm wondering about, I'll confess to having been present at the creation of the Garcia-Segura question in essence to help deal with all of those Cunningham failure to address appeals that we had a number of years ago, and generally the process I think has worked pretty well. I wonder though, so that those matters are addressed on the spot rather than a year later or a year and a half later when there's a remand. But I'm wondering whether it might be useful in this case and would appreciate your thoughts as somebody who's in these courts all the time to maybe suggest to district judges that in this kind of a situation where you ask the question, have I sufficiently addressed your arguments in mitigation, and the argument or the hearing then continues substantively beyond that, maybe to circle back to that question again. I think depending on the context, that could be useful. If there had been further substantive discussion at that point and the defense counsel was raising additional issues, maybe it would be appropriate for the district court to either address them or confirm that the defendant isn't requesting any further explanation. But here it was all done through the defendant, a represented party who the district court wasn't accepting further argument from. If this had been an issue of defense counsel standing up and saying, actually, your honor, there was this other argument I meant to address or I meant to raise, I'm raising this new argument now, and the court responds to it, perhaps in that circumstance, it would be appropriate for the court to conclude its discussion saying, does that address the concern that you've now raised? But I think that's very different from the circumstances we have here. As to the adequacy of the court's explanation, this was a really thorough and considered discussion under the circumstances of this case in particular. The court went through all of the relevant 3553A factors, and during the course of that discussion, it directly addressed and in fact agreed with the defendant's argument in mitigation that he was less culpable because he wasn't the one that fired the firearm. On page 30, the district court said, you are somewhat less culpable than your co-defendants because we know one of them fired the firearm. The court said that that was notable to distinguish you from your co-defendants. As to the defendant's argument that this was all just talking about what happened before and not part of the court's explanation for this sentence, at the top of page 31, the court said, what I said before is true. So it's adopting all that discussion. Again, on page 35, the court said, nothing has changed about the seriousness of the offense conduct and the need to avoid unwarranted sentencing securities. The court directly addressed this argument in mitigation that the defendant wasn't the one who fired it. She agreed with that. She said that that was mitigating relative to the co-defendants. Ultimately, really, the defendant's complaint is weight. The defendant's argument is that the court should have weighed that more heavily and reduced the sentence even farther below the co-defendant. But that's a substantive objection, not a procedural one. The court addressed the principal arguments in mitigation. How the court weighs it is not a procedural issue. Regardless, the defendant had not received the same sentence as his co-defendant, either then or now. The co-defendant received, true, he received a sentence of 240 months on the two counts at issue, the attempted robbery and the firearm possession. But it wasn't 240 months alone. It was consecutive to another 120 months. So the court exercises discretion on those counts to impose enough time to produce a total sentence of 360 months. For this defendant, it was a total sentence of 240 months. And that's abundantly obvious now that the co-defendant has been resentenced and received a 24-year sentence as compared to this defendant's 20-year sentence. Unless your honors have any further questions, we'd ask this court to affirm. Thank you, Mr. Keenstra. Thank you. Mr. Spangler, we'll go back to you for rebuttal and give you two minutes. Thank you, Your Honor. Two brief points on rebuttal. First, on the waiver question, it cannot both be the case that our Garcia-Segura waiver controls on the facts of this sentencing hearing and that Garcia-Segura is consistent with this court's background waiver jurisprudence. Cases like United States v. Vasquez and United States v. Barnes are relatively clear that this court must look to the entire relevant record and construe it liberally in favor of the defendant and be cautious in finding an affirmative waiver of an argument by the defendant. If Garcia-Segura controls simply by having an affirmative response to a Garcia-Segura inquiry, that would be not looking to the remainder of the record, especially after the Garcia-Segura inquiry where Mr. Tyler specifically sought to, quote, preserve his sentencing memorandum and where that sentencing memorandum contains an express argument related to Section 3553A2. Turning to the point about whether or not the district court actually agreed with Mr. Tyler's principal arguments in mitigation, the points in the record cited by the government primarily deal with the factual circumstances of the crime where the district court was stating that nothing had changed and that everything remained true. That referred to the circumstances of the conduct of Mr. Tyler. It did not refer to the actual weighing of the statutory factors. As stated previously, any explanation offered at a prior sentencing hearing unless actually accommodated into the record is insufficient to meet the district court's duty under Section 3553C1. And so with that, we would respectfully request that this court vacate the amended judgment of sentencing, enter it against Mr. Tyler, and remand for a resentencing hearing. Thank you, Your Honor. Thank you very much, Mr. Spengler. Thank you, Mr. Palmer. This case has been accepted by you. As a court-appointed counsel, we want to thank you for all your time, effort, and energy on behalf of your client. Thank you as well, Mr. Keenstra. The case will be taken under revision.